IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| RICHARD MICHAEL FORD, | ) | |
| Plaintiff, | ) ) | No. 1:12-cv-00114 |
| v. | ) ) | Chief Judge Haynes |
| STATE OF TENNESSEE, et al., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM**

Plaintiff, Richard Michael Ford, filed this action under 42 U.S.C. § 1983 against Defendants: Zachary Adkins, Christopher Brouse, Patrick Creasy, Daniel Epley, Daniel Poff, Jason Porter, and Jerry Lester, in their individual and official capacities, and Tennessee Department of Corrections ("TDOC") and State of Tennessee. Plaintiff's claims arise out of his confinement at the Turney Center Industrial Complex ("TCIC"), where Plaintiff alleges that the Defendants violated his constitutional rights by use of excessive force.

Before the Court is the Defendant Jerry Lester's motion to dismiss this action under 42 U.S.C. § 1983. (Docket Entry No. 23). In essence, Defendant contends that Plaintiff has failed to prove that Defendant was personally involved in some manner in the alleged unconstitutional activity, as required under 42 U.S.C. § 1983. In response, Plaintiff contends, in sum, that: (1) Defendant Lester is liable for any physical beatings TDOC Officers give to the inmates of Plaintiff's prison; (2) Defendant Lester explicitly, or implicitly, encourages physically abusing inmates as a form of judicial and/or executive punishment; and (3) Plaintiff did not receive timely and proper

1

medical care and treatment for injuries sustained as a result of his physical abuse.

## A. Analysis of the Complaint

According to the complaint (Docket Entry No. 1), on or about June 17, 2012, Plaintiff, an inmate at Turney Center Industrial Complex ("TCIC"), while waiting in line to receive lunch at the prison, Defendant Creasy, a Correctional Officer, grabbed Plaintiff's lunch tray from Plaintiff's hands. Id. at ¶¶ 2-3. Plaintiff resisted Defendant Creasy taking his tray and struck Defendant Creasy. Id. at ¶¶ 11-12. After striking Defendant Creasy, Plaintiff alleges he was attacked, subdued, and restrained by several unknown Corrections Officers. Id. at ¶ 13.

The Complaint further alleges that after being subdued and restrained, Plaintiff, in compliance with the Corrections Officers' requests, was hand cuffed and escorted out of the cafeteria. Id. at ¶¶ 13-14. Upon leaving the cafeteria, Plaintiff alleges six Corrections Officers led him to a room, without video surveilance, in which upon entering hw was repeatedly struck several times by at least five different Corrections Officers.[1] Id. at ¶¶ 15-17.

Plaintiff alleges the full extent of his injuries remains unknown as he has not been given proper medical care despite suffering severe contusions and at least one laceration on his face requiring stitches. Id. at ¶¶ 19-20. The stitches administered to Plaintiff were not rendered until the following day. Id.

Plaintiff filed a formal grievance with the TDOC, and the TDOC conducted an Internal Affairs investigation. Id. at ¶ 24. The TDOC has issued no formal reprimand of any Defendant, nor has Defendant Jerry Lester, Warden, taken remedial actions or measures against the named Corrections Officers. Id. at ¶ 25.

---

[1] Plaintiff identified Defendants Epley, Porter, Brouse, Adkins, and Poff.

## B. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

3

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or

immunities secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

As to the first element, Plaintiff alleges under 42 U.S.C. § 1983 that Defendant Lester, who "as Warden, personally formulates and enforces policies for his prison," failed to effectively secure his safekeeping. (Docket Entry No. 37). Tennessee Code Annotated § 41-1-104 sets out a Warden's powers and duties:

> (a) The warden has the charge and custody of the penitentiary, with the land, buildings, tools, implements and every other species of property within the precincts of the penitentiary, or appertaining to the penitentiary, under the direction and control of the commissioner of correction.
>
> (b) The custody, welfare, conduct and safekeeping of the inmates shall be the responsibility of the warden, who will examine into the affairs of the institution daily to assure that proper standards are maintained.

<u>Id.</u>

Yet, for a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. <u>Dunn v. State of Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." <u>Id</u>.

Liability under § 1983 must be based on more than <u>respondeat superior</u> or the right to control employees. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted).

Here, Plaintiff alleges that Defendant Lester is liable for any physical abuse by TDIC Corrections Officers of inmates at Turney Center. (Docket Entry No. 37). Moreover, Plaintiff alleges Defendant Lester encourages a widespread practice of prisoner physical abuse at TDOC institutions. Plaintiff, however, does not allege any specific facts suggestive of "causal connection" between Defendant Lester and the events that occurred on or about June 17, 2012 other than allegedly failing to provide Plaintiff with timely and proper medical care. Although Plaintiff alleges that Defendant Lester conspired with the other named Defendants to violate his rights, and failed to effectively fulfil his duty of safekeeping, Plaintiff does not allege any facts in his complaint or elsewhere that Lester "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer[s]." Shehee, 199 F.3d at 300. Plaintiff alleges that the named Defendants have conspired to violate his 42 U.S.C. § 1988 civil rights. "Conspiracy claims under § 1983 or § 1985(3) must be pleaded with specificity." Saunders v. Ghee, 48 F.3d 1219 (6th Cir. 1995). In any ever, § 1988 refers to remedies. Thus, the Court concludes that factual allegations for Plaintiff's § 1983 claim against Jerry Lester in his individual capacity fails to state a claim.

Accordingly, for these reasons, the Court concludes that Defendant Lester's motion to dismiss (Docket Entry No. 23) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 6th day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court