IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| RICHARD MICHAEL FORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-00114 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

Plaintiff, Richard Michael Ford, filed this action under 42 U.S.C. § 1983 against Defendants: Zachary Adkins, Christopher Brouse, Patrick Creasy, Daniel Epley, Daniel Poff, Jason Porter, and Jerry Lester, in their individual and official capacities, and Tennessee Department of Corrections ("TDOC") and State of Tennessee. Plaintiff's claims arise out of his confinement at the Turney Center Industrial Complex ("TCIC"), where Plaintiff alleges that the Defendants violated his constitutional rights by use of excessive force.

Before the Court is Defendants Porter, Brouse, Epley, Adkins, Poff, Lester, and Creasy's motion for summary judgment[1] (Docket Entry No. 32), contending, Plaintiff failed to exhaust administrative remedies prior to filing this action, as required by the Prison Litigation Reform Act ("PLRA") and Federal Rule of Civil Procedure 56. In response, Plaintiff, without alleging any specific factual support, contends he exhausted his administrative remedies.

---

[1]Plaintiff's claims against Defendants Lester, State of Tennessee, and Tennessee Department of Corrections have been dismissed. (Docket Entry Nos. 25, 48).

1

## A. Findings of Fact[2]

According to the complaint (Docket Entry No. 1), on or about June 17, 2012, Plaintiff, an inmate at Turney Center Industrial Complex ("TCIC"), while waiting in line to receive lunch at the prison, Defendant Creasy, a Correctional Officer, grabbed Plaintiff's lunch tray from Plaintiff's hands. Id. at ¶¶ 2-3. Plaintiff resisted Defendant Creasy taking his tray and struck Defendant Creasy. Id. at ¶¶ 11-12. After striking Defendant Creasy, Plaintiff alleges he was attacked, subdued, and restrained by several unknown Corrections Officers. Id. at ¶ 13.

The Complaint further alleges that after being subdued and restrained, Plaintiff, in compliance with the Corrections Officers' requests, was hand cuffed and escorted out of the cafeteria. Id. at ¶¶ 13-14. Upon leaving the cafeteria, Plaintiff alleges six Corrections Officers led him to a room, without video surveilance, in which upon entering hw was repeatedly struck several times by at least five different Corrections Officers.[3] Id. at ¶¶ 15-17.

Plaintiff alleges the full extent of his injuries remains unknown as he has not been given proper medical care despite suffering severe contusions and at least one laceration on his face requiring stitches. Id. at ¶¶ 19-20. The stitches administered to Plaintiff were not rendered until the following day. Id.

TDOC conducted an Internal Affairs investigation. Id. at ¶ 24. The TDOC has issued no

---

[2]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Court concludes that there are some factual disputes, but the Court concludes that those disputes are not material given the material facts conceded by the Plaintiff. Thus, this section constitutes findings of fact under Fed.R.Civ.P. 56(d).

[3]Plaintiff identified Defendants Epley, Porter, Brouse, Adkins, and Poff.

formal reprimand of any Defendant, nor has Defendant Jerry Lester, Warden, taken remedial actions or measures against the named Corrections Officers. Id. at ¶ 25.

Plaintiff filed a first level formal grievance with the TDOC, which was denied by the grievance committee. (Docket Entry. No. 46, Defendant's Porter, Brouse, Epley, Adkins, Poff, Lester and Creasy's Response to Plaintiff's Statement of Material Facts, ¶ 2). Plaintiff subsequently filed a second level formal appeal to Warden Lester, which was denied by the Warden. Id. at ¶ 3. Plaintiff contends he formally appealed Warden Lester's decision, but the record does not reflect proof of that appeal.

Here, the record reflects that Plaintiff submitted an inmate grievance on June 19, 2012. (Docket Entry No. 35-1 at 1). On June 22, 2012 Plaintiff received the grievance response indicating that the grievance was unsustained. Id. at 3. The Warden agreed with the grievance committee's response and denied Plaintiff's second level appeal. Id. The record reflects that Plaintiff did not appeal the Warden's grievance response. Id. Plaintiff has not provided any proof of his attempts to exhaust his administrative remedies.

## B. Conclusions of Law

The PLRA provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of remedies is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), and the prisoner must follow "critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006), "including time limitations." Rishee v. Fappin, 639 F.3d 236, 240 (6th Cir. 2011). Yet, " courts may overlook procedural defaults if the prisoner 'did not attempt to bypass the administrative grievance

process [and] affirmatively endeavored to comply with it.'" Brooks v. Silva, No. 7:08-CV-105-KKC, 2012 WL 3637832, at *3 (E.D. Ky. Aug. 23, 2012) (quoting Rishee, 639 F.3d at 240). Under the PLRA, exhaustion of administrative remedies is required before filing the lawsuit; "[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (abrogated on other grounds by Jones, 549 U.S. at 216).

Based upon the undisputed proof, the Court concludes that Plaintiff did not exhaust his administrative remedies before filing his complaint in federal court as required under the PLRA. As the Plaintiff has not exhausted his administrative remedies, the Court will not reach the constitutional question in this action.

The Court concludes that this action should be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

4