# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

RICHARD MICHAEL FORD,      )
        )
     Plaintiff,         )      No. 1:12-0114
        )      Chief Judge Haynes
v.         )
        )
STATE OF TENNESSEE, et al.,      )
        )
     Defendants.         )

## MEMORANDUM

Before the Court are Plaintiff's motions for reconsideration (Docket Entry Nos. 52 and 53), challenging the Order dismissing Plaintiff's action filed under 42 U.S.C. § 1983 seeking relief for an incident that occurred while Plaintiff was a prisoner at a state correctional institution.

In sum, Plaintiff's claims are that the Defendants repeatedly struck him after Plaintiff was subdued and restrained. (Docket Entry No. 1). The Court concluded that Plaintiff did not exhaust his administrative remedies before filing his complaint in federal court as required under the PLRA. 42 U.S.C. § 1997e(a). Plaintiff's motion for reconsideration, in essence, states his "undisputed intention...to exhaust the grievance process pursuant to TDOC regulations." (Docket Entry No. 53, p. 2).

A motion to alter or amend a judgment under Rule 59(e) "is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters v. City of Cleveland, 2009 WL 3063384, at *1. For relief, there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l

Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). "Rule 59(e) motions are aimed at *re*-consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding where the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 96-3610, 1997 WL 570399 at *2 (6th Cir. Sept.11, 1997). Rule "60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)". Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted).

In support of his motions, Plaintiff submitted two exhibits that he contends proves his exhaustion of his administrative remedies: (1) a Tennessee Department of Correction Inappropriate Grievance Notification; and (2) a signed memorandum from Grievance Office official Jason Gilbert. (Docket Entry Nos. 53-1, 53-2). The first is an Inappropriate Grievance Notification dated June 27, 2012, stating "INAPPROPRIATE GRIEVANCE" and "Your Grievance is being returned to you due to the following reason(s)," with14 reasons listed below:

1. Disciplinary matters are inappropriate to the Grievance Procedure.

2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure.

3. Classification matters/institutional placement are inappropriate to Grievance Procedure.

4. Appealing of seeking review of sentence credits.

5. Grievance Procedure cannot award monetary compensation for injuries or property loss.

6. Addressing questions regarding sentence structures.

7. Visitor's behavior which results in disciplinary action.

8. A diagnosis by medical professionals and medical co-pay is inappropriate.

9. Security Threat Group (STG) Placement

10. Mail rejection.

11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident.

12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review.

13. Profanity, insults, and racial slurs, unless an alleged direct quote or another party, shall not be permitted. Threats may result in disciplinary action.

14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues.

(Docket Entry No. 53-1, Exhibit A, Inappropriate Grievance Notification) (citations omitted).

The second document is a memorandum to Plaintiff from Corporal Jason Gilbert, dated July, 24, 2012, states

> **You recently inquired on a grievance matter through a grievance form**, in formation request, written request of verbally . . . . The grievance information you requested is as follows: **I have reviewed your grievance file. Grievance number 250472 at TCIX filed on 6-22-12 concerning security staff where you stated that you were assaulted by officers has been resolved at level 2 by the chairperson at TCIX.** Please contact the office at TCIX for further information.

(Docket Entry No. 53-2, Exhibit B, Grievance Information Inquiry) (emphasis added).

The Prisoner Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The exhaustion requirement is justified on two grounds: (1) to give a prisoner "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors" Woodford v. Ngo, 548 U.S. 81, 94 (2006) and (2) "to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record. Jones v. Bock, 549 U.S. 199, 204 (2007). While proper exhaustion of administrative remedies means "using all steps that the agency holds out, and doing so properly," Woodford, 548 U.S. at 90, those requirements are relaxed when the purpose of the grievance has been achieved. **"Since the Supreme Court decided that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. '[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that**

4

**forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.'"** Johnson v. Ellison, No. 12-10918, 2013 WL 1147633, *4 (E.D. Mich. Feb 28, 2013) (quoting Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006) (alterations in original) (emphasis added).

In his affidavit, Plaintiff stated that "I received the Warden's response on the 6-27-12, and appealed his decision and placed the grievance back in the grievance box. I have the cover sheet that was attached to it, and a letter from the grievance Cpl. Where I ask if the grievance had been finalized through the commissioner's office yet." (Docket Entry No. 44-1, Ford Affidavit). Plaintiff's affidavit illustrates his misunderstanding of the Inappropriate Grievance Notification's broad boilerplate language rejecting his Grievance on the merits. To confirm his exhaustion of his administrative remedies, Plaintiff also submitted a written inquiry about his Grievance that Corporal Gilbert reviewed. In his memorandum, Corporal Gilbert stated Plaintiff's Grievance "has been resolved." (Docket Entry No. 53-2, Exhibit B, Grievance Information Inquiry).

Plaintiff's affidavit, coupled with the Inappropriate Grievance Notification and Grievance Information Inquiry memorandum, illustrate that Plaintiff, while mistaken, reasonably believed he has exhausted his administrative remedies. The newly submitted evidence also illustrates Plaintiff intended to exhaust the grievance process under TDOC regulations. Finally, the Defendants never disputed that Plaintiff's claims are "INAPPROPRIATE GRIEVANCE" under TDOC's Grievance policy, and requiring further TDOC review is futile. Under this very narrow set of facts, and given the newly submitted evidence, the Court concludes Plaintiff complied with the spirit and purpose of the administrative exhaustion rules.

Accordingly, Plaintiff's motions for reconsideration (Docket Entry Nos. 52 and 53) are

**GRANTED**. The Order granting the Defendants' motion for summary judgment (Docket Entry No.

50) is **SET ASIDE**. The Defendants' motion for summary judgement (Docket Entry No. 32) is

**DENIED**. This action is reinstated.

It is so **ORDERED**.

**ENTERED** this the 3rd day of April, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court